|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| RAYLENE VANBUSKIRK,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>  Defendant. | CASE NO. 14-cv-06021 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 8). This matter has been fully briefed (*see* Dkts. 13, 20, 21 (22))).

After considering and reviewing the record, the Court concludes that the ALJ erred in failing to credit fully opinions from plaintiff's treating doctor regarding lifting limitations. The ALJ's finding that the opinion is inconsistent with the objective medical

evidence is not based on substantial evidence in the record as a whole and does not account for the doctor's observations of paravertebral muscle spam and trigger points.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this order.

## BACKGROUND

Plaintiff, RAYLENE VANBUSKIRK, was born in 1982 and was 24 years old on the alleged date of disability onset of September 1, 2007 (*see* AR. 253-55). Plaintiff attended school in special education classes into the 8th grade (AR. 89). She obtained her GED and took some general studies classes at college (AR. 84-86). Plaintiff has some work experience in sandwich shops, as a motel maid, as a dietary aide in a retirement home, as a car detailer and as a stage hand at concerts (AR. 291-303). She stopped working at the sandwich shop because she wanted to attend college (AR. 84).

According to the ALJ, plaintiff has at least the severe impairments of "fibromyalgia/myalgia, adjustment disorder with depressed mood or major depressive disorder (recurrent, moderate), learning disorder, antisocial personality disorder features, and history of polysubstance abuse (10 CFR 416.920(c))" (AR. 20).

At the time of the hearing, plaintiff was living in an apartment with her two children (AR. 85).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 144, 145). Plaintiff's requested hearing was held

before Administrative Law Judge James W. Sherry on April 21, 2011 (*see* AR. 110-43). On June 15, 2011, ALJ Sherry issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 146-61). Following a request for reconsideration, on September 18, 2012, the Appeals Council remanded this matter (AR. 162-65). When doing so, the Appeals Council vacated the hearing decision by ALJ Sherry (AR. 163). Plaintiff's second hearing was held before Administrative Law Judge Verrel Dethloff ("the ALJ") on March 21, 2013 (AR. 80-109). The ALJ issued his written decision concluding the plaintiff was not disabled pursuant to the Social Security Act (AR. 15-29). Although the ALJ was instructed by the Appeals Council to issue a new decision, in this second written decision, the ALJ only addressed medical evidence of record after the first written decision, and did not specifically incorporate the vacated first written decision (AR. 18). As a result, some of the medical evidence only is addressed in the vacated written decision.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ commit reversible error by improperly rejecting medical opinion evidence of plaintiff's limitations; (2) Did the ALJ commit reversible error by improperly finding plaintiff to be not credible; (3) Did the ALJ commit reversible error by improperly rejecting the medical opinion evidence of plaintiff's physical limitations; and (4) Should the Court order an award of benefits to plaintiff (*see* Dkt. 13, p. 1). Because the Court concludes that issue number 3 is dispositive, the remaining issues will not be discussed or will be discussed only briefly.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Did the ALJ commit reversible error by improperly rejecting medical opinion evidence of plaintiff's physical limitations?**

As an initial matter, the Court notes that the ALJ appears to have assumed that evidence from witnesses need not be considered when determining plaintiff's residual functional capacity ("RFC"). The ALJ indicated that the Appeals Council ("AC") directed him to ensure that all witness testimony is evaluated as it was not clear that this evidence was weighed in the first written decision (AR. 18 (*citing* 162-64)). However, despite the AC's instruction to evaluate this evidence, the ALJ indicates that the AC "had no apparent issues with the analysis of [RFC]" (*see id.*). As a determination of the RFC necessarily involves evaluation and inclusion of all of a claimant's functional limitations, including limitations opined by lay witnesses, the ALJ's assumption that there was no issue with the RFC even though the AC instructed him to evaluate the witness testimony appears inconsistent with the AC's instructions.

In addition, as noted in the procedural history, the ALJ did not incorporate the vacated prior written decision into his written decision and indicated that he only was

ORDER ON PLAINTIFF'S COMPLAINT - 4

going to address "any new medical evidence since the prior decision and the issues presented by the AC" (AR. 18). As a result, there is no discussion of relevant medical evidence, such as the opinion evidence from Dr. Marie Ho, M.D. It is difficult to ascertain how the ALJ could have properly formulated his RFC without considering all of the relevant medical opinion evidence.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Ho examined plaintiff on March 28, 2009, and opined, among other things, that plaintiff was limited to lifting 20 pounds occasionally and 10 pounds frequently (*see* AR. 379-83). Although Dr. Ho observed that plaintiff demonstrated 5/5 muscle strength and did not have joint deformities, crepitus, or effusions (*see* AR. 382), she also indicated that plaintiff had "the standard 18 tender points of fibromyalgia and associated disorders" (AR. 383). Dr. Ho noted plaintiff's complaints of pain throughout the examination and opined that there were "no significant inconsistencies," and that plaintiff generally exerted "good effort" (*see* AR. 380-82). The ALJ did not provide any analysis of the opinion evidence from Dr. Ho and there is no indication that he was aware of it.

Even if the Court considers the rationale in the vacated written decision by ALJ Sherry, it does not properly support a rejection of Dr. Ho's opinion. ALJ Sherry failed to credit fully Dr. Ho's opinion with a finding that it was inconsistent with the objective

evidence, which indicated that plaintiff had normal strength and sensation in the extremities and no evidence of joint deformities, crepitus or effusions (AR. 156). Although Dr. Ho noted these objective findings, she also observed that plaintiff had "the standard 18 tender points of fibromyalgia and associated disorders" (AR. 383), and additionally, Dr. Wendy A. Owens, M.D. observed paravertebral muscle spam and trigger points bilaterally in plaintiff's biceps and quads (AR. 645-46). Therefore, objective evidence supports Dr. Ho's opinion of lifting limitations and the contrary finding by ALJ Sherry is not based on substantial evidence in the record as a whole.

Also, the Court notes that the ALJ, although noting plaintiff's fibromyalgia, discredits in part plaintiff's complaints of back pain by finding that "there is no objective medical evidence to support a severe back impairment" (AR. 21). However, there is objective medical evidence of plaintiff's fibromyalgia (*see, e.g.*, AR. 383, 645-46), which can result in back pain (*see, e.g.*, U.S. National Library of Medicine, National Institutes of Health website at http://www.nlm.nih.gov/medlineplus/ency/article/000427.htm ("the following conditions may be seen with fibromyalgia or have similar symptoms: Chronic neck or back pain") (last visited July 10, 2015); AR. 71). This finding by the ALJ, as well as other aspects of his written opinion, is inconsistent with the analysis of fibromyalgia, as discussed by the Ninth Circuit in an analogous circumstance (*see* AR. 21). In *Benecke*, the Ninth Circuit concluded that the ALJ had erred in discounting medical opinions based in part on a fibromyalgia diagnosis, and found that the ALJ instead had been "relying on his disbelief of [the claimant's] symptom testimony as well as his misunderstanding of fibromyalgia." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (footnote

omitted); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003). As noted by the Ninth Circuit, "[s]heer disbelief is no substitute for substantial evidence." *Id.* Therefore, based on this Ninth Circuit rationale, and on the record as a whole, the Court concludes that the ALJ's finding that there was no objective evidence of an impairment that could support plaintiff's alleged back pain is not based on substantial evidence in the record as a whole.

Furthermore, the ALJ erred in his review of the medical opinions of treating physician, Dr. Wendy A. Owens, M.D., who, like Dr. Ho, opined that plaintiff suffered from lifting limitations (*see* AR. 600). The ALJ found that Dr Owens' opinion "is inconsistent with the medical evidence of record," indicating that Dr. Owens "cites no basis including objective or exam physical findings to support any physical or mental limitations," and that plaintiff's exam findings are mild (AR. 28).

In a case in which the Ninth Circuit found that an ALJ had failed to provide specific and legitimate reasons supported by substantial evidence in the record for the failure to credit fully the opinion of a treating physician, the written decision by that ALJ had included the following discussion:

> The opinions of total disability tended [sic] in the record are unsupported by sufficient objective findings and contrary to the preponderant conclusions mandated by those objective findings. The duration of the claimant's stress treadmill testings and relative lack of positive findings, the results of other laboratory and x-ray testing, the objective observations of the physicians of record, all preponderate toward a finding that the claimant has never lost the residual functional capacity for light work for any period approaching 12 months.

*Embrey v. Bowen*, 849 F.2d 418, 421 (9th 1988). The Ninth Circuit Court found that these statements by the *Embrey* ALJ were not sufficient to discount the doctors' opinions, even though the ALJ in *Embrey* had reviewed the medical evidence. *Id.* (citations omitted). The court explained:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis does not give proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations.

*Id.* at 421-22 (internal footnote omitted).

The Court concludes that the ALJ's reasoning to reject the opinions of treating physician Dr. Owen is similarly not sufficient. *See id.* Furthermore, as noted already by the Court, objective evidence does exist in the record to support the lifting limitation opined by Dr. Owens. Therefore, the Court concludes that the ALJ's finding is not based on substantial evidence in the record as a whole.

The Court also concludes that the ALJ's errors in rejecting these medical opinions are not harmless errors.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in

*Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 2015 U.S. App LEXIS 11920 at *7, Dock. No. 12-17014, slip op. at p. 7 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56).

Here, had the ALJ credited the lifting limitation opined by Drs. Ho and Owens, the RFC would have been different. As the nondisability finding by the ALJ was based on the RFC that did not include these limitations, the error is not "'inconsequential to the ultimate nondisability determination.'" *Id.*; *see also Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

### (2) Did the ALJ commit reversible error by improperly finding plaintiff to be not credible?

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

However, the Court notes that when failing to credit fully plaintiff's allegations, the ALJ relied in part on a finding that plaintiff missed a significant number of individual therapy appointments without first considering any symptoms of plaintiff's mental illnesses that may explain infrequent or irregular medical visits, such as fear of leaving

the house, or lack of motivation (*see* Dkt. 13, p. 14).This was error, as according to Social Security Ruling, ("SSR") 96-7, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7, 1996 SSR LEXIS 4, at *22; *see also Regennitter v. Comm'r SSA*, 166 F.3d 1294, 1296 (9th Cir. 1999) (citations, ellipses and brackets omitted).

In addition, the ALJ found that plaintiff's mental health symptoms primarily were related to situational stress, without a recognition of the testimony from plaintiff's mother that plaintiff has "had problems with depression ever since she was really young" (*see* AR. 26, 100). As the ALJ also failed to account for the fact that plaintiff "has been on anti-depressants since age 12" (AR. 366), the finding that plaintiff's psychological symptoms arise mainly due to situational stressors as an adult does not appear to be based on substantial evidence in the record as a whole. This error, too, should be corrected following remand of this matter.

**(3)     Should the Court order an award of benefits to plaintiff?**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and

an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). Here, the Court concludes that further administrative proceedings would be useful, as the record as a whole is not free from conflicts and it is not clear if the ALJ fully considered all of the medical evidence when formulating his RFC. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 17th day of July, 2015.

J. Richard Creatura
United States Magistrate Judge